UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS, III (#407049A)　　　　　　Case No. 10-11197

　　　　　　Plaintiff,　　　　　　　　　　　District Judge Patrick J. Duggan

v.　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

OFFICER SETTLES,

　　　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before this Court is Defendant Settles' Motion for Summary Judgment [Docket #20], and Plaintiff's Motion for Partial Summary Judgment [Doc. #18], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the Defendant's motion [Doc. #20] be GRANTED, dismissing claims against Defendant Settles WITHOUT PREJUDICE pursuant to 42 U.S.C. §1997e(a). I further recommend that Plaintiff's motion [Doc. #18] be DENIED.

**I. BACKGROUND**

Plaintiff, a Michigan State Department of Corrections ("MDOC") prisoner currently housed at the St. Louis Correctional Facility ("SLF")in St. Louis, Michigan, filed suit on March 25, 2010 alleging violations of 42 U.S.C. §1983 by Defendant Settles during his pretrial detention at the Washtenaw County Jail in Ann Arbor, Michigan.

Plaintiff alleges that on September 22, 2009, he was making his way back to his cell when Officer Settles ("Defendant") shoved him, causing Plaintiff to lose his footing as he ascended a staircase. *Id.* at 3. Plaintiff alleges that although he was compliant with Defendant's order to return to his cell, Settles pushed him through the opening of his cell, knocking him onto his bed. *Id.* Following the incident, Plaintiff alleges that he was unfairly charged with spitting on an officer. *Id.*

## II.  STANDARD OF REVIEW[1]

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted.  *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies.  If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.

---

[1] As discussed below, Plaintiff's failure to exhaust his administrative remedies forecloses consideration of the merits of his claims.

Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### III. ANALYSIS

#### A. Defendant's Motion [Doc. #20]

Defendant argues primarily that Plaintiff is unable to show an Eighth Amendment violation. *Defendant's Brief* at 4-10. In addition, he contends that Plaintiff failed to exhaustive his administrative remedies before filing suit. *Id.* at 11. The Washtenaw Jail's grievance procedure, requiring an "inmate kite," is stated as follows:

> You may file a grievance by using an inmate kite. (All grievances will be attempted to be resolved at the next highest command level to the grievance issue.) Upon written request inmates will be provided a copy of the grievance procedure.

*Defendant's Exhibit 5.* Defendant has also submitted an affidavit by Lieutenant Randy Casey of the Washtenaw County Sheriff's Office stating that although Plaintiff filed "over 80" kite requests during his stint at the jail, "none indicate that he wished to grieve Officer Settles." *Plaintiff's Exhibit 1, Affidavit of Randy Casey* at ¶¶6-7. Therefore, Defendant has met his burden to show that Plaintiff did not exhaust the jail's administrative grievance procedure before filing suit. Although Defendant's Exhibits indicate that the incident described above was the subject of investigation, Plaintiff, having failed to respond to the present motion, does not dispute that he failed to submit a grievance "kite" following the incident. Even assuming that Plaintiff attempted to resolve the dispute through other means, *i.e.* verbally or by a non-compliant written communication, that would be insufficient to satisfy the jail's grievance process. A procedurally defective grievance does not satisfy the PLRA's exhaustion requirement. *Ngo, supra*; *see also Hagopian v. Smith*, 2010 WL 3854562 (E.D. Mich. 2010); *Garner v. Napel*, 2008 WL 2511185 (W.D. Mich. 2008).

Having found that the non-exhausted claim requires dismissal without prejudice pursuant to 42 U.S.C. §1997e(a), consideration of the claim's merits is premature. I recommend that the District Court decline to consider the substance of his allegations against this Defendant. *Bock, supra,* 549 U.S. at 219–220, 127 S.Ct. 910–911, 166 L.Ed.2d 798; *see also Johnson v. County of Wayne,* 2008 WL 4279359, *3 (E.D.Mich.2008) (Steeh, J.)( *citing Jones v. Bock, supra,* 549 U.S. at 219–220, 127 S.Ct. at 918–19, 166 L.Ed.2d 798 (2007)) ("A prisoner's failure to comply with the PLRA's exhaustion requirement deprives a district court of the ability to address the merits of his claims"). *See also Horn v. Bay County Sheriff's Dept.,* 2008 WL 3285808, *8 (E.D.Mich.,2008) ("Where there is a failure to exhaust, the court will not reach the merits of the complaint; rather, the complaint will be dismissed without prejudice").

In closing, the Court is mindful that § 1997(e)(c)(2) provides that "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." However, the present Complaint, alleging that Defendant Settles physically assaulted the Plaintiff, cannot be said to be "frivolous," nor does it suggest on its face that Defendant is automatically entitled to qualified immunity.   Dismissal without prejudice is the appropriate remedy.

### B.   Plaintiff's Motion [Doc. #18]

The Plaintiff's motion basically repeats the allegations in the Complaint, and does not show the absence of a genuine issue of material fact. *See Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). More importantly, the fact that the Complaint must be dismissed without prejudice based failure to exhaust administrative remedies necessarily precludes granting Plaintiff summary judgment. The Plaintiff's motion should therefore be denied.

### IV.  CONCLUSION

For these reasons, I recommend that Defendant's Motion for Summary Judgment [Doc. #20]be GRANTED, dismissing the complaint  WITHOUT PREJUDICE pursuant to 42 U.S.C. §1997e(a), and that Plaintiff's Motion for Partial Summary Judgment [Doc. #18] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2011

_____

**CERTIFICATE OF SERVICE**

      I hereby certify on August 8, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 8, 2011: **Simon Phillips, III.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge R. Steven Whalen
                                        (313) 234-5217